NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 14, 2007
Decided December 18, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 06-4227

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 05-CR-656-1 |
| JAMES PINKIN, *Defendant-Appellant.* | Ronald A. Guzman *Judge.* |

**O R D E R**

James Pinkin was caught in a stolen car with a small quantity of crack and a pistol with its serial number removed. He pleaded guilty, without a plea agreement, to one count of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and one count of possession of a firearm with an obliterated serial number, *id.* § 922(k). Pinkin qualified as an armed career criminal, and thus was subject to a statutory minimum of 15 years and a guidelines imprisonment range of 188 to 235 months. *See id.* § 924(e)(1); U.S.S.G. § 4B1.4. The court sentenced him to a total of 210 months' imprisonment and a five years' supervised release. Pinkin filed a timely notice of appeal, but his appointed counsel now moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386

U.S. 738, 744 (1967). Although we invited Pinkin to respond to counsel's motion, he has not done so. *See* Cir. R. 51(b). Counsel's supporting brief is facially adequate, and we limit our review to the potential issue he identifies. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel considers only whether Pinkin could challenge his overall prison sentence as unreasonable. Counsel advises, however, that the district court properly calculated the guidelines range and then considered the factors set forth in 18 U.S.C. § 3553(a), *see United States v. Laufle*, 433 F.3d 981, 987-88 (7th Cir. 2006), before imposing a sentence slightly below the middle of the range. The district court observed that Pinkin had "dealt out a lot of misery," and opined that his criminal history would have warranted a stiffer sentence if he had been younger because "society needs to be protected from this man." *See* 18 U.S.C. § 3553(a)(1), (2)(A), (2)(C). Counsel notes that this court applies a rebuttable presumption of reasonableness to a sentence within the properly calculated guidelines range, *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and counsel is unable to articulate any factor in this case that might overcome that presumption. The Supreme Court recently upheld the use of such a rebuttable presumption, *see Rita v. United States*, 127 S. Ct. 2456, 2463 (2007); *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007), and we agree with counsel that any potential challenge to the reasonableness of Pinkin's sentence would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.